THE DIRECTORS OF MARYVILLE COLLEGE *v.* P. M. BARTLETT *et al.*

1. CORPORATION. *Parties to sue. Title.* A corporation was chartered under the corporate name and style of "The Directors of Maryville College." In a bill filed by the corporation, the individual names of the directors were set out in the caption, and they were denominated "a body politic and corporate under the name and style of the Directors of Maryville College."

    *Held,* that it was proper to bring the suit in their individual names, it appearing that they constituted the board of directors and sued as the body corporate. The individual directors were not necessary parties, but were proper parties. It was sufficient to sue alone in the corporate name.

    Case cited: Maury County *v.* Lewis County, 1 Swan, 240.

2. SAME. *Non-user of property of.* The non-user by trustees of corporate property does not affect the title of the corporation, nor does the removal of trustees have any such effect.

FROM WASHINGTON.

Appeal from the Chancery Court. ———— ————, Chancellor.

McGINLEY & HOOD and BROWN and CALDWEL. for complainants.

BAXTER & SON, WASHBURN and HOUK for defendants.

NICHOLSON, C. J., delivered the opinion of the court.

This bill is filed by J. J. Robinson and others, a body politic and corporate, under the corporate name and style of The Directors of Maryville College, against

P. M. Bartlett and others, for the purpose of being restored to the franchises and property of Maryville College, of which they have been deprived by defendants, who are charged with having illegally and fraudulently usurped and held the said franchises and property, and so continue to hold and use the same.

Defendants demurred to the bill, and rely upon five causes of demurrer, three of which were disallowed by the Chancellor and two sustained.

Upon complainants declining to amend their bill, the same was dismissed, whereupon they appealed.

The defendants have filed the record for writs of error, whereby the entire cause is before us for examination and decision.

1. The first cause of demurrer is, that complainants, in and by their said bill, have shown no title in themselves to the property and franchises sued for. This cause of demurrer rests upon the assumption that the individuals named as directors of the college are the complainants, and not the body politic and corporate, under the corporate name and style of "The Directors of Maryville College." The names of the persons claiming to be the directors of Maryville College are set out in the caption of the bill, and they are denominated "a body politic and corporate, under the corporate name and style of 'The Directors of Maryville College.'" They proceed in the bill to show, by reference to the acts of Assembly incorporating the institute, and the acts amendatory thereof, that they are the directors of the college, legally entitled to control, and exercise, and enjoy the franchise

and property of the corporation. The directors of Maryville College are the complainants, and the individuals constituting these directors are named as the body corporate. Taking the allegation to be true, the title of the property and franchise sued for is in the directors of Maryville College as a corporation, and the individuals named are the corporators, having the right to exercise the franchise and hold and enjoy the property of the corporation. This cause of demurrer was properly disallowed. *Maury County* v. *Lewis County*, 1 Swan, 240.

2. The second cause of demurrer is, that "the act of 17th of January, 1860, could not constitutionally divest the corporation existing under the act of 12th of November, 1845, and vest title to the property sued for in the complainants, or in the corporation they claim to represent, unless every one interested in said pre-existing corporation assented thereto, and this fact is not averred in complainants' original or amended bill." This cause of demurrer assumes that complainants are representing a corporation created by the act of 1860, and that this is a distinct corporation from that created by the act of 1845. The bill alleges that Maryville College was incorporated by an act passed in 1842, by which the then board of directors of the college, consisting of thirty-five directors, was constituted a body politic and corporate. By one of the sections of that act, the county court of Blount county was authorized to fill vacancies in the board of directors. By a subsequent act of the same Legislature, the directors were authorized to fill vacancies

instead of the county court; and by an act passed in 1843, it was provided directors appointed by the board of directors to fill vacancies, should not extend beyond the close of the next ensuing session of the annual meeting of the Synod of Tennessee, which Synod should have power to fill all vacancies in the board. This act of 1843 was so amended by the act of 1860, that the rights, powers and privileges granted by the act of 1843 should be granted and given to the United Synod of the Presbyterian Church in the United States, so that the said United Synod should have full power to fill all vacancies. The bill then alleges that the board of directors of Maryville College accepted and acted as a body politic and corporate under the act of 1842, and fully accepted and acted under the various acts amending said acts, and the acts amending said amendments. It is further alleged, that each of the said several bodies from whom the power of appointing the boards of trustees or directors of said college, and of filling vacancies in said board, also each of the bodies upon whom said power was conferred by the said several acts, assented to and acquiesced in the changes made by the provisions of said several acts in reference to the appointment of said board of directors and filling vacancies therein. It is therefore apparent that there was no other corporation than that created in 1842, and that all the subsequent amendments down to 1860 had reference mainly to the mode of appointing directors and filling vacancies; and that these several acts were assented to and acquiesced in by the boards of direct-

ors having the right to accept the several amendments. It follows that the chancellor erred in sustaining the second cause of demurrer.

3. The third cause of demurrer is, that if complainants were vested with title at any time, they were so vested as trustees, and they have lost their title by non-user, and by removal from the State. The title to the franchise and property was not in complainants, but in the body politic and corporate. Complainants had the right, as directors or trustees, to exercise and use the franchise and property of the corporation in prosecuting the objects of its creation. The non-user of the franchise or property by the trustees could have no effect upon the title of the corporation; nor could the removal of the trustees from the State have any such effect. The title of the corporation to its franchises and property was as completely under the protection and preservation of the constitution and laws of the State, as was the property or the valuable rights of individuals. 4 Wheat. This cause of demurrer was properly disallowed by the chancellor.

4. The fourth cause of demurrer is, that there are four of the directors alleged in the bill not to be acting as such, whose names are not joined with the complainants named. It is sufficient to say, in regard to this cause of demurrer, that none of the individual directors were necessary parties, but, under the circumstances of the case, they are proper parties in the manner in which their names are associated with the corporation, which is the real party. It

follows that the four members of the board who are refusing to act as such, were not necessary parties. Even if complainants, in their individual capacity, were regarded as the parties complainants of the bill, upon the allegation that there were four others who were no longer acting as directors, the omission to make them parties would not be cause of demurrer, as it is apparent that they are not necessary parties in obtaining the relief sought by the bill. It follows that the chancellor erred in sustaining this cause of demurrer.

5. The last cause of demurrer is, that the suit could only be maintained, if at all, in the name of the corporation. This cause of demurrer has already been disposed of in passing upon the first cause. The chancellor properly disallowed this cause of demurrer.

It follows that the decree dismissing the bill will be reversed, and the cause remanded for answer and further proceedings. Defendants will pay the costs of this court.